UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

SYLVIA ZACKERY                                     CASE NO.  6:22-CV-05782

VERSUS                                             JUDGE ROBERT R. SUMMERHAYS

WALMART INC                                        MAGISTRATE JUDGE DAVID J. AYO

## MEMORANDUM RULING AND ORDER

The present matter before the Court is the Motion for Summary Judgment [ECF No. 10]

filed by defendant Walmart, Inc. Plaintiff opposes the Motion. After reviewing the parties' briefs,

the summary judgment record, and the relevant authorities, the Court DENIES Walmart's motion.

### I.
#### BACKGROUND

Sylvia Zackery ("Plaintiff") alleges that she was walking through the Health and Beauty

Aids Department of the Walmart store located in Opelousas, Louisiana on October 11, 2021, when

she slipped on a clear liquid that had spilled onto the floor.[1] Walmart's video surveillance shows

that, at 1:59:51 p.m. on October 11th, an unidentified customer dropped a container of hair product

that then spilled onto the floor of the aisle where later Plaintiff fell. The unidentified customer then

picked up the container and left the aisle without disturbing the spilled liquid; there is no evidence

in the record that the customer reported the spill.[2] At 2:15:39 p.m., Plaintiff slipped on the spilled

liquid while talking to a Walmart employee—a Walmart pharmacist.[3] The surveillance video thus

documents the exact amount of time that the spilled substance was on the floor before Plaintiff's

---

[1] ECF No. 10, Exhibit A—Deposition of Sylvia Zackery pages 41-48.
[2] ECF No. 10, Exhibits C1-C3 (still images) and Exhibit 9 (video).
[3] *Id.*, Exhibit 9.

fall. Walmart argues that it is entitled to summary judgment because Plaintiff cannot establish an essential element of her claim, namely actual or constructive knowledge.

## II.
### SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[4] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[6] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[7]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[8] "Credibility determinations are not part of the summary judgment analysis."[9] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the

---

[4] Fed. R. Civ. P. 56(a).
[5] *Id.*
[6] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[7] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[8] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[9] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

existence of an element essential to that party's case, and on which that party will bear the burden

of proof."[10]

**III.**
**LAW AND ANALYSIS**

The Louisiana Merchant Liability Act supplies the relevant standard of care in the present

case:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care. [11]
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

---

[10] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[11] La. R.S. 9:2800.6.

3

The jurisprudence is well-settled that failure to prove any of the requirements enumerated in La. Rev. Stat, § 9:2800.6 will prove fatal to Plaintiff's case.[12]

Walmart argues that the video establishes, as a matter of law, that (1) it did not create the harmful condition that caused Plaintiff's fall, (2) Plaintiff cannot establish actual notice of the harmful condition, and (3) Plaintiff cannot establish constructive notice of the condition. The video evidence in the summary judgment record shows that a customer, not Walmart, created the hazardous condition. Walmart asserts that jurisprudence from Louisiana courts as well as this court establishes that the time period during which the substance was on the floor—approximately 15-16 minutes—is legally insufficient to create constructive notice of the spilled liquid that caused Plaintiff's injury.

With respect to actual notice, Plaintiff points to evidence that a Walmart employee—Ricky Hollier, a pharmacist—looked down the aisle where Plaintiff fell less than a minute before Plaintiff fell, walked down that aisle, and was speaking to Plaintiff at the time she fell. However, the summary judgment record does not include any evidence showing that Hollier actually observed the spill prior to Plaintiff's fall or that he was in a position to observe the spill in sufficient time to prevent the fall—the parties point to no witness statements or deposition testimony by Hollier as to whether he observed the spill prior to the accident. Mere proximity to a hazardous condition is not sufficient to support a reasonable inference of actual knowledge. Accordingly, Plaintiff's bare speculation that Hollier must have seen the spilled liquid on the floor is insufficient to create a disputed fact.

With respect to constructive notice, Plaintiff must "come forward with positive evidence showing the damage causing condition existed for some period of time and that such time was

___

[12] *White v. Wal-Mart Stores, Inc.,* 699 So.2d 1081 (La. 1997); *Hardman v. Kroger Company*, 775 So.2d 1093 (La. App. 2nd Cir. 2000); *Harrison v. Horseshoe Entertainment*, 823 So.2d 1124 (La. App. 2nd Cir. 2002).

sufficient to place a merchant defendant on notice of its existence."[13] This element has been referred to as the "temporal" element. Without some showing of the temporal element, there can be no inference of constructive knowledge.[14] There is no bright-line time requirement for constructive notice; a plaintiff need only show that the condition existed for "some period of time."[15] In other words, a plaintiff must come forward with "some positive evidence … of how long the condition existed prior to the fall."[16] But a plaintiff cannot rely merely on speculation that a dangerous condition *could have* existed for some time period—this showing "falls short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden at trial."[17] If a plaintiff comes forward with some evidence of how long the condition existed prior to the fall, whether that "period of time that a condition existed was sufficient to provide a merchant with constructive notice is a fact question that must be submitted to the jury."[18] Here, the video evidence in the record establishes the exact amount of time the spilled liquid was on the floor prior to Plaintiff's fall: 15 minutes and 48 seconds. Nevertheless, Walmart contends that this time period is legally insufficient to support a finding of constructive notice.

Walmart is correct that cases have noted that similar time periods—here, approximately 15 minutes—are legally insufficient to support a finding of constructive notice. However, these cases are distinguishable from the present case. For example, in *Nash v. Rouse's Enterprises, LLC*, the

---

[13] *Crawford v. Brookshire Grocery Co*., 180 So.3d 478 (La. App. 2nd Cir. 2015) (emphasis added), citing *White*, supra.

[14] *Id*.

[15] *Crawford*, 180 So.3d at 481, citing *Kennedy v. Wal-Mart Stores, Inc*., 733 So.2d 1188 (La. 1999); *Jones v. Brookshire Grocery Co*., 847 So.2d 43 (La. App. 2d Cir. 2003).

[16] *Robinson v. Brookshires* # 26, 769 So.2d 639, 642 (La. App. 2d Cir. 2000).

[17] *Guidry v. Brookshire Grocery Co*. (La. 02/26/20), 289 So.3d 1026, 1027 (quoting *Babin v. Winn-Dixie Louisiana, Inc*. 00-C-0078 (La. 6/30/00), 764 So.2d 37. "[M]ere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff by La. R.S. 9:2800.6." *Allen v. Wal-Mart Stores, Inc*, 37,352 (La.App. 2 Cir. 06/25/03) (citing *Robinson v. Brookshires* 69 So.2d 639 (La.App. 2 Cir. 09/21/00). *See Richard v. Liberty Mut. Ins. Co*., 13-26 (La.App. 3 Cir. 10/09/13), 123 So.3d 345, 349 ("Mere conclusory allegations, improbable inferences and unsupported speculation will not support a finding of a genuine issue of material fact.") (citing *Sears v. Home Depot, USA*, (La.App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228.

[18] *Bagley v. Albertsons, Inc.,* 492 F.3d 328 (5th Cir. 2007).

Louisiana First Circuit Court of Appeal determined that the plaintiff produced no positive evidence

to show that the condition was on the floor for any specific period of time.[19] Here, the evidence in

the record establishes a specific time period. Likewise, in *Robinson v. Wal-Mart Stores, Inc.,* a

court in this district stated the plaintiff submitted only unverified and unauthenticated photographs

of the accident scene and ruled that the court was "unable to determine, from simply looking at the

photographs, whether there is any water on the floor of the aisle."[20] Here, there is no dispute that

Plaintiff slipped on a substance that had spilled on the floor. In *Courington v. Wal-Mart Louisiana,*

*LLC*, another court in this district determined that video surveillance did not show that another

customer dropped ice that caused plaintiff to fall when she stepped on the ice, nor did plaintiff

submit any other evidence "to create a genuine issue of material fact for trial as to the temporal

requirement."[21] Again, unlike the present case, the summary judgment record in *Courington* did

not include evidence showing the amount of time the dangerous condition existed. In both

*Robinson* and *Courington*, the courts ruled that the plaintiffs had not presented evidence showing

the amount of time that the dangerous condition existed—whether a second, a minute, 15 minutes,

or more. While both courts stated that 16 minutes and 6 minutes, respectively, were insufficient to

show constructive notice, the courts made these rulings in the context of a record with no evidence

of a specific timeframe as well as other evidentiary problems that are not present here; at most,

these statements are dicta because they are not the basis of the courts' rulings in those cases.[22]

Finally, in *Delahoussaye v. Delchamps, Inc.*, the Louisiana Third Circuit Court of Appeal did not

hold that a five-minute time period was legally insufficient to show constructive notice.[23] Instead,

---

[19] 2015-1101 (La. App. 1 Cir. 2/26/16); 191 So. 3d 599, 602.
[20] No. 15-1783, 2016 WL 5210711, at *5 (W.D. La. Sept. 15, 2016).
[21] No. 17-00771, 2018 WL 707521, at *4 (W.D. La. Feb. 2, 2018).
[22] 2016 WL 5210711, at *5; 2018 WL 707521, at *4.
[23] No. 96-1677 (La. App. 3 Cir. 4/30/97); 693 So. 2d 867, 870.

the Third Circuit held that the trial court's *findings of fact* were not manifestly erroneous or clearly

wrong when the trial court made a *factual finding* that a store did not have constructive notice of

a condition that allegedly occurred within five minutes of the plaintiff's slip and fall accident.[24]

Here, the question of constructive notice arises in a motion for summary judgment; the Court

cannot determine disputed facts in ruling on the motion.

Given the video evidence in this case showing how long the spilled liquid was on the floor

before Plaintiff's fall, this case is more appropriately analyzed under the Fifth Circuit's opinion in

*Bagley v. Albertsons, Inc.*[25] There, the Fifth Circuit held that a plaintiff presented sufficient

evidence to survive summary judgment on the issue of constructive notice in a slip and fall case.[26]

The plaintiff slipped and fell on a liquid that was spilled on the floor of a grocery store.[27] The

plaintiff could not testify exactly how long the puddle had been on the floor, but she did present

testimony that "the spill covered a significant area extending through the aisle and into an adjoining

back aisle."[28] The district court granted summary judgment on the grounds that there was no

evidence showing how long the spilled liquid had been on the floor.[29] The Fifth Circuit disagreed,

and reversed. The court concluded that the plaintiff's testimony supported the inference that the

liquid leaked from another customer's cart.[30] Considering the plaintiff's testimony that the aisle

was empty when she entered it, the Fifth Circuit stated that there was a "reasonable inference that

the other cart had sufficient time to clear the aisle, implying the passage of 'some period of

---

[24] *Id.*
[25] 492 F.3d 328.
[26] *Id.*
[27] *Id.* at 329.
[28] *Id.* at 331.
[29] *Bagley v. Albertsons, Inc.*, No. CIV.A. 05-2050, 2006 WL 2052127, at *1 (W.D. La. July 20, 2006).
[30] *Bagley*, 492 F.3d at 331.

time.'"[31] Whether that time period was sufficient to show constructive notice was a question for the jury.[32]

In the present case, there is no dispute as to how the liquid at issue was spilled on the floor or how long the liquid was on the floor before Plaintiff's slip and fall—the video evidence establishes both of those facts. Accordingly, as in *Bagley*, there is evidence supporting a reasonable inference that the spilled liquid was on the floor for "some period of time." Whether that period of time was sufficient to place Walmart on constructive notice is a fact question that must be submitted to the jury.

Accordingly, because there remains a question of fact as to whether Walmart had constructive notice of the hazardous condition in this case, summary judgment must be denied.

THUS DONE in Chambers on this 25th day of January, 2024.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[31] *Id.*
[32] *Id.*